[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DISCOVERY AND REQUESTS FOR PRODUCTION
THE PLAINTIFF A FORMER MANAGEMENT EMPLOYEE OF THE DEFENDANT, AETNA LIFE INSURANCE COMPANY, SEEKS DAMAGES FOR WRONGFUL TERMINATION.
THE PLAINTIFF IN SEVERAL COUNTS ESSENTIALLY CHARGES THAT HE WAS UNLAWFULLY TERMINATED BECAUSE HE REFUSED TO ENDORSE COMPANY ACCOUNTING STANDARDS WHICH HE AVERS ARTIFICIALLY INFLATED THE DEFENDANT'S REAL ESTATE PORTFOLIO.
THE PARTIES AT TRIAL ON NOVEMBER 24, 1997 DISPUTED THE PLAINTIFF'S INTERROGATORY 27 AND 27; REQUESTS FOR PRODUCTION 6 AND 7; INTERROGATORIES 6 AND 7; AND REQUESTS FOR PRODUCTION 10 AND 11.
THE PARTIES AGREED THAT INTERROGATORIES 26 AND 27 TRACK REQUESTS FOR PRODUCTION 6 AND 7 RESPECTIVELY.
INTERROGATORY NO. 6
THIS INTERROGATORY IS OVERLY BROAD, AND A WHOLESALE REQUEST FOR INFORMATION UNLIKELY TO PROVE MATERIAL OR RELEVANT TO THE PLAINTIFF'S CASE. NOR IS THE COURT SATISFIED THAT IT IS LIKELY TO LEAD TO EVIDENCE THAT WOULD BE MATERIAL AT TRIAL.
THIS INTERROGATORY IS HOWEVER GRANTED BUT ONLY AS TO THOSE EMPLOYEES WHO WERE SIMILARLY SITUATED IN RANK, JOB QUALIFICATION AND JOB REQUIREMENT TO THE PLAINTIFF.
THE PLAINTIFF'S THRUST TO ESTABLISH A POSSIBLE LACK OF DOWNSIZING IN THE PLAINTIFF'S DEPARTMENT AS DEMONSTRATING AN ABSENCE OF GOOD FAITH BY THE DEFENDANT IS UNAVAILING. NUMEROUS SPECULATIVE REASONS CAN BE PROFFERED FOR THE TERMINATION OF CLERKS, SECRETARIES AND NON-MANAGEMENT EMPLOYEES IN THE REAL ESTATE INVESTMENT DEPARTMENT. THE WHOLESALE REQUEST FOR INFORMATION ON EACH EMPLOYEE IS OVERBROAD, NOT LIKELY TO LEAD TO MATERIAL EVIDENCE, AND MAY BE VIOLATIVE OF EMPLOYEES' OTHERWISE CONFIDENTIAL RECORDS.
INTERROGATORIES a THRU e ARE GRANTED BUT ONLY AS PERTAINS TO EMPLOYEES SIMILARLY SITUATED TO THE PLAINTIFF AS RECITED ABOVE.
INTERROGATORY NO. 7
THE OBJECTION IS SUSTAINED EXCEPT THAT THE DEFENDANT CT Page 13888 SHALL PROVIDE THE NUMBER OF EMPLOYEES LAID OFF OR TERMINATED IN 1994 AND 1995 IN THE REAL ESTATE INVESTMENT DEPARTMENT.
AS TO THE REMAINDER, THE COURT FINDS THE INTERROGATORY TO BE OVERLY BROAD, BURDENSOME AND NEITHER MATERIAL NOR RELEVANT TO THE PLAINTIFF'S COMPLAINT.
TO THE EXTENT THERE IS OR ARE LAID OFF OR TERMINATED EMPLOYEES SIMILARLY SITUATED IN JOB QUALIFICATIONS AND JOB REQUIREMENTS TO THE PLAINTIFF, THEN THE OBJECTION AS TO THOSE PARTICULAR EMPLOYEES, IF ANY, IS OVERRULED.
INTERROGATORY NO. 26
THE OBJECTION AS TO a, d, AND e, IS OVERRULED AS THERE HAS BEEN COMPLIANCE BY THE DEFENDANT.
THE OBJECTION AS TO b AND c IS HEREBY SUSTAINED AS THIS INFORMATION IS WELL WITHIN THE PURVIEW AND CONTROL OF THE PLAINTIFF.
INTERROGATORY NO. 27
THE OBJECTION IS OVERRULED AS TO SUBPAR a AND b.
AS TO SUBPAR c THE OBJECTION IS OVERRULED AS TO ALL DOCUMENTS MATERIAL AND RELEVANT TO THE INVESTIGATION OF THE PLAINTIFF'S COMPLAINT.
AS TO SUBPAR d THE OBJECTION IS OVERRULED EXCEPT THAT SUCH SUMMARIES, MEMORANDA AND REPORTS ARE NOT THE MENTAL IMPRESSION, WORK PRODUCTS OR LEGAL ANALYSES BY ATTORNEYS FOR THE DEFENDANT. THOSE PORTIONS OF THE DOCUMENTS SOUGHT THAT ARE NOT THE MENTAL IMPRESSIONS, ATTORNEYS' WORK PRODUCT, OR ATTORNEYS' LEGAL ANALYSES ARE TO BE MADE AVAILABLE TO THE PLAINTIFF FOR EXAMINATION.
REQUEST FOR PRODUCTION NO. 10
THE OBJECTION IS SUSTAINED THE REQUEST BEING OVERBROAD AND DEALING WITH MATTERS UNRELATED TO THE PLAINTIFF'S ALLEGATIONS.
THE OBJECTION IS OVERRULED AS TO THOSE DOCUMENTS CONTAINING ALLEGED VIOLATIONS OF REAL ESTATE ACCOUNTING CT Page 13889 PRINCIPLES SIMILAR TO THOSE ASSERTED BY THE PLAINTIFF.
TO THE EXTENT ANY SUCH DOCUMENTS EXIST, REPLICATING COMPLAINTS MADE BY PLAINTIFF, THE DEFENDANT MAY PROTECT THE CONFIDENTIALITY OF THESE OTHER COMPLAINANTS. IF AT TIME OF TRIAL, THE TRIAL JUDGE CONCLUDES THAT DISCLOSURE OF COMPLAINANTS IS CRITICAL TO THE PLAINTIFF'S CASE, THEN THE MATTER OF DISCLOSING NAMES MAY BE REVISITED.
DISCLOSURE WHERE AUTHORIZED HEREIN SHALL NOT INCLUDE ATTORNEY WORK PRODUCTS, NOR ATTORNEY LEGAL ANALYSES.
REQUEST FOR PRODUCTION NO. 11
THE COURT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 10 IS HEREBY INCORPORATED AND SET OUT AS ITS RESPONSE TO REQUEST FOR PRODUCTION NO. 11.
SO ORDERED:
ARTHUR L. SPADA, JUDGE